

FILED

FEB 11 2003

CLERK U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORDEN RANCH PARTNERSHIP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, et al., <br><br> Defendants. <br> ─────────────────────────── <br> And Related Actions. <br> ─────────────────────────── | CIV. S-97-0858 GEB JFM <br><br><br><br><br><br> ORDER |

The Ninth Circuit issued a "limited remand" in *Borden Ranch Partnership v. United States Army Corps of Engr's*, 261 F.3d 810 (9th Cir. 2001), requiring "the district court to determine what, if any, reduction in the [civil] penalty is appropriate" in this case in light of the government's concession on appeal that because of the ruling in *Solid Waste Agency of N. Cook County v. United States Army Corps of Eng'rs*, 531 U.S. 159 (2001), it lacked jurisdiction over the vernal pool deep rippings.[1]  Ten vernal pool Clean Water Act violations are

───────────────────

[1] The *Solid Waste* decision issued subsequent the findings and
(continued...)

included in the 358 violations found in the November 8 Findings and Conclusions.

      Since the ten vernal pool violations were substantially of the same character as the other violations, the amount of the penalty imposed for the total violations should be reduced by ten. This results in the finding that Tsakopoulos committed 348 violations of the Clean Water Act, which exposes him to the maximum statutory penalty of $8,700,000.00. *See* Findings of Fact and Conclusions of Law filed November 8, 1999, at 34 (holding the maximum penalty per violation is $25,000). For the reasons stated in the Findings of Fact and Conclusions of Law, *id.* at 35-47, the civil penalty in this case should be far less than the maximum statutory amount. Therefore, the civil penalty is reduced to $1,458,120.00, which is the same proportionate reduction reflected in the November 8 Order.[2] The same percentage reduction which was used in that Order in the decision allowing Tsakopoulos to opt against paying a portion of this penalty will also be applied. *Id.* at 47. Therefore, Tsakopoulos has suspended payment of $972,080.00 of this civil penalty by electing to

---

[1](...continued)
conclusions issued in this action on November 8, 1999, which found Tsakopoulos liable for ten Clean Water Act violations for vernal pool deep ripping on the property. "*Solid Waste* [ruled] that the Corps' rule extending the definition of 'navigable waters' under the Clean Water Act to include intrastate waters used as habitat for migratory birds exceeds the authority granted to the Corps under the Clean Water Act." *Borden Ranch Partner.*, 261 F.3d at 816. The government conceded on appeal of the November 8 Order that "*Solid Waste* precludes Corps' authority over the vernal pool in dispute and . . . formally [withdrew] its enforcement claim with respect to the pool." *Id.*

[2] The reduction is computed using 83.24%, which reflects the reduction made in the November 8 Order.

complete the restoration measures identified in the injunctive relief portion of the Final Order filed March 3, 2000.[3] Tsakopoulous shall pay a civil penalty of $486,040.00 pursuant to 33 U.S.C. § 1319(d) as a consequence of his violations of the Clean Water Act on the San Joaquin County portion of the Borden Ranch during the period 1995 to 1997. This payment shall be made to the United States Treasury.

The Clerk of Court is directed to enter an Amended Judgment in accordance with this Order.

IT IS SO ORDERED.

DATED: February 10, 2003

GARLAND E. BURRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Tsakopoulos is deemed to have made the same election reflected in the Final Order filed March 3, 2000.

```
              United States District Court
                         for the
                Eastern District of California
                     February 11, 2003


            * * CERTIFICATE OF SERVICE * *

                                       2:97-cv-00858


   Borden Ranch

       v.

   USACE


   _____

   I, the undersigned, hereby certify that I am an employee in the Office of
   the Clerk, U.S. District Court, Eastern District of California.

   That on  February 11, 2003, I SERVED a true and correct copy(ies) of
   the attached, by placing said copy(ies) in a postage paid envelope
   addressed to the person(s) hereinafter listed, by depositing said
   envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
   delivery receptacle located in the Clerk's office, or, pursuant to prior
   authorization by counsel, via facsimile.


           Edmund L Regalia                        SF/GEB
           Miller Starr and Regalia
           1331 North California Boulevard
           Fifth Floor
           Walnut Creek, CA  94596

           Edmund F Brennan
           United States Attorney
           501 I Street
           Suite 10-100
           Sacramento, CA  95814

           H Michael Semler
           US Department of Justice
           Environmental Defense Section
           PO Box 23986
           Washington, DC  20026-3986



                                             Jack L. Wagner, Clerk

                                             BY: /s/ KCarlo
                                                 Deputy Clerk
```